Filed 9/2/15  P. v. Bounthavy CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>PAVID AM BOUNTHAVY,<br><br>        Defendant and Appellant. | F069056<br><br>(Super. Ct. Nos. F09906439 & F10902975)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Levis, Judge.[†]

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Franson, J. and Peña, J.

[†] Retired Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Appellant/defendant Pavid Am Bounthavy was placed on probation after he pleaded guilty to narcotics and firearm offenses. After two violations, the court revoked probation and sentenced him to prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

### Case No. F09906439

On November 10, 2009, defendant was found in possession of Ecstasy, a controlled substance.

On November 13, 2009, a complaint was filed in case No. F09906439, charging defendant with count I, felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).

On or about November 16, 2009, defendant pleaded guilty and was placed on formal probation for two years. He was ordered to enroll, attend, and complete a drug treatment program pursuant to Proposition 36 (Pen. Code, § 1210.1, subd. (a)).[1]

Defendant's performance on Proposition 36 probation was poor. He failed to submit to weekly drug tests and had excessive absences from the drug treatment program. On February 11, 2010, he was terminated from the treatment program for failing to complete group sessions.

### Case No. F10902975

Shortly before midnight on June 10, 2010, officers conducted a traffic stop on a vehicle in Fresno. Defendant was sitting in the right rear seat. An officer recognized defendant as a member of the Laos Blood gang based on prior contacts. The officer

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

asked defendant if he was on probation and subject to being searched, and defendant said yes. A semiautomatic handgun was found in the area where defendant was sitting. The weapon was wrapped in a red bandana and loaded with seven rounds. As he was being arrested, defendant cursed and spontaneously said, "I'm going through this again."

On June 14, 2010, a complaint was filed in case No. F10902975, charging defendant with count I, possession of a firearm by a felon (§ 12021, subd. (a)(1)). Defendant later told the probation officer that they were going to purchase marijuana when the police stopped them, he took the blame for the gun, and he did not hang out with the same people anymore.

## Plea and Reinstatement on Probation

On June 22, 2010, defendant pleaded guilty in case No. F10902975 and admitted the probation violation in case No. F09906439. The court terminated defendant's participation in the section 1210.1 drug treatment program.

On September 29, 2010, the court terminated defendant's probation under Proposition 36. However, the court reinstated defendant on probation in case No. F09906439 pursuant to section 1203, and extended the period for one year subject to certain terms and conditions, including service of 210 days in jail. As for case No. F10902975, defendant was placed on formal probation for two years. Defendant failed to maintain contact with probation.

## Subsequent Probation Violations

On January 24, 2011, defendant was arrested for a misdemeanor violation of section 148.9, subdivision (a). He was released but repeatedly failed to appear and bench warrants were issued.

On August 8, 2012, the court found defendant violated probation in both cases for being out of contact with probation and failing to appear. In each case, the court reinstated and extended probation for two years, and ordered defendant to serve 210 days in jail.

In November 2012, defendant failed two drug tests. He did not maintain contact with probation and repeatedly failed to appear at hearings. A bench warrant was issued. He was taken into custody in March 2013, and the court revoked probation.

**Sentencing**

On February 28, 2014, defendant admitted violating probation in both cases based on a positive drug test. The court sentenced him to the upper term of three years in prison in case No. F10902975 and a concurrent term of two years in case No. F09906439.

On March 12, 2014, defendant filed a timely notice of appeal in both cases. He requested and received certificates of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on July 24, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.